## PEOPLE *v.* LOEW.

*(Supreme Court, General Term, First Department.* June 3, 1892.)

1. FORGERY—EVIDENCE—INDORSEMENT OF CHECK—AUTHORITY.
   Where, on indictment of an attorney for forging a check by indorsing the name of the payee, the defense was that the indorsement was made by authority of the husband of the payee, who transacted all business for the payee, and the husband denied having given any such authority, it was error not to allow the defendant, in corroboration of his theory of the transaction, to prove by a witness a conversation between the husband and the defendant, wherein it was agreed that the defendant might make the indorsement.

2. SAME.
   It was error, also, to hold the defendant to the strict terms of the written authority given by the wife to the husband, as she might at any time have given him other and parol authority, and defendant ought to have been permitted to cross-examine her as to any such authority, or as to any previous declarations with regard thereto.

3. SAME—INSTRUCTIONS—INTENT TO DEFRAUD.
   Defendant was entitled to an instruction that if the husband directed him to indorse the check, and he believed in good faith that the husband had authority for that purpose, he could not be convicted; and this was hardly covered by the statement that it would have to appear affirmatively that, when the defendant made the indorsement, he did so for the purpose of cheating and defrauding, as the inference might then have been drawn that the intent to cheat and defraud was sufficient, notwithstanding the defendant's belief in the authority of the husband.

Appeal from court of general sessions, New York county.

Indictment and conviction of William N. Loew for forgery in the second degree. Defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

*Albert Bach,* for appellant. *De Lancey Nicoll,* (*Henry B. B. Stapler,* of counsel,) for the People.

BARRETT, J. The indictment charged the defendant with the crime of forgery in the second degree, in that on the 14th day of June, 1887, at the city of New York, he feloniously forged the name of C. Shulhoff on the back of a check for $1,750 on the National Shoe & Leather Bank; C. Shulhoff being the payee of the check, and the defendant having received the check as her attorney, in settlement of certain claims against an insurance company. Upon the trial C. Shulhoff, who was Mrs. Clara Shulhoff, and the wife of one Richard L. Shulhoff, testified that she never authorized Loew to put her name on the back of the check, and that she never received any of its proceeds. She admitted that her husband acted for her in all business transactions, signing checks and receipting bills, and that in no instance did she sign her name. The defense was that the check was indorsed by the authority of the husband, and Loew testified to such authority. This, again, was denied by Mr. Shulhoff, and the question of veracity was fairly submitted to the jury. The difficulty, however, is that the learned court ruled out evidence which was competent upon this latter issue. If it was competent to show authority from the husband, and proper to permit its denial, it was equally competent to corroborate either side on that head. Yet, after permitting Mr. Shulhoff to testify that he never knew of the existence of the check at the time it was indorsed and collected,—never, in fact, spoke to Loew about it, and consequently never authorized its indorsement,—the learned court refused to permit Loew to prove by a witness named David Reiss that he (Reiss) heard a conversation between Shulhoff and Loew, in the latter's office, in which it was "understood and agreed that Loew should receive the money arising from the settlement of the insurance, and that, when he received the check, he (Loew) might indorse it in Shulhoff's wife's name." Clearly this was error, and as the issue of the husband's authority was submitted to the jury the error must have prejudiced the defendant. We think,

too, the circumstances of the case were such that this issue was material, and that, if Mr. Shulhoff actually did authorize Loew to indorse his wife's name upon the check, he either had authority to permit this, or at least such apparent authority as to warrant the court in submitting the *bona fides* of the act to the jury.

The defendant was not guilty if he had fair ground to consider that he had authority to indorse the check, and upon that head he had a right to show the circumstances under which the act was done. It was error, also, to hold the defendant to the strict terms of the written power of attorney which Mrs. Shulhoff gave to her husband. She might have given her husband other and verbal authority at any time, and the defendant should have been permitted to cross-examine her as to any such verbal authority, or as to any previous declarations which she may have made with regard thereto. It was error to exclude this cross-examination upon the ground of the existence of a written authority.

It was also error to decline to charge, as requested, "that if the jury believe that Mr. Shulhoff directed or told Mr. Loew to sign that check in the name of his wife, and Loew in good faith believed that Shulhoff had the authority, they should find the defendant not guilty." We think the proposition was correct, and that the defendant had a right to its submission in this concrete form. The point was hardly covered by a general statement that the jury "must find affirmatively that, when Loew put the indorsement on the check, he did so for the purpose of cheating and defrauding." This statement was made in response to the request to charge the specific proposition, and the jury may well have inferred that the intent to cheat and defraud was sufficient even if Loew in good faith believed that Mr. Shulhoff had authority to direct him to indorse the check in Mrs. Shulhoff's name, and in fact did so direct him. The judgment should be reversed, and a new trial granted.

All concur.